**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4439**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON ALEXANDER PAYNE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00260-CCE-1)

Submitted:  February 27, 2024                    Decided:  February 29, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Alexander Payne pleaded guilty to arson, in violation of 18 U.S.C. § 844(i). The district court sentenced Payne to 84 months' imprisonment. Payne appeals his sentence, arguing that the district court erred in calculating his offense level under the Sentencing Guidelines. We affirm.

We review a defendant's sentence "for reasonableness, applying a deferential abuse of discretion standard." *United States v. Morehouse*, 34 F.4th 381, 387 (4th Cir. 2022) (internal quotation marks omitted). In doing so, we examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). When considering a challenge to the Guidelines calculations, "we review the district court's legal conclusions de novo and its factual findings for clear error." *Morehouse*, 34 F.4th at 387 (cleaned up). In doing so, we "interpret the Sentencing Guidelines according to the ordinary rules of statutory construction and give a [G]uideline its plain meaning." *United States v. Skinner*, 70 F.4th 219, 230 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 405 (2023).

Here, the district court calculated Payne's offense level by applying U.S. Sentencing Guidelines Manual § 2K1.4(a)(1)(B) (2023), which provides for a base offense level of 24 when, inter alia, the offense "involved the destruction or attempted destruction of . . . a place of public use." The application notes to the Guideline provide that the term "place of public use" has the meaning set forth in 18 U.S.C. § 2332f(e)(6). USSG § 2K1.4(a) cmt.n.1. Section 2332f(e)(6), in turn, defines a place of public use as "any building . . . that [is] accessible or open to members of the public, whether continuously, periodically,

2

or occasionally, and encompasses any commercial, business . . . or similar place that is so accessible or open to the public."

Payne argues that the district court erred in finding that the law office that he set on fire met the Guidelines' definition of a place of public use. We disagree. We have reviewed the record and conclude that, under the "plain meaning" of the relevant Guideline, *see Skinner*, 70 F.4th at 230 (internal quotation marks omitted), the law office was a business located in a building that was periodically open to the public. The law office is unambiguously a place of public use for purposes of the arson Guideline and the district court therefore did not err in calculating Payne's offense level.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*